IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERYL L. BURCH and HOWARD BURCH** | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| vs. | : | No. 19-cv-04343-NIQA |
| | : | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY** | : | JURY TRIAL DEMANDED |
| *Defendant* | : | |

**REPORT OF RULE 26(f) MEETING /
PROPOSED JOINT DISCOVERY PLAN**

**CONFERENCE SCHEDULED: THURSDAY, JANUARY 30, 2020
AT 11:00 A.M. IN CHAMBERS ROOM 8613 U.S. COURTHOUSE
THE HON. NITZA I. QUIÑONES ALEJANDRO, PRESIDING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties have conferred and hereby submit the following report of their meeting for the Court's consideration.

1. **Discussion of Claims, Defenses and Relevant Issues, Jointly submitted**

This matter is a claim for Underinsured Motorist ("UIM") benefits in accordance with the personal policy of automobile insurance issued by GEICO to Plaintiffs, Cheryl L. Burch and Howard Burch, which provides UIM benefits of $100,000.00 per person, $300,000.00 per person. Those benefits are stacked over two (2) vehicles, providing a total of **$200,000.00** in **available UIM benefits**.

There are **no questions regarding the coverage available** to the Plaintiffs. Plaintiffs' claims arise out of a December 29, 2017, rear-end accident which occurred on Interstate 76 in Philadelphia, Pennsylvania. There are also **no questions regarding the liability of the**

**tortfeasor** for causing the accident.  With GEICO's consent, Plaintiffs have previously settled with the tortfeasor's insurer, Progressive, for the full $15,000.00 liability limits available.  Under Pennsylvania law, GEICO is entitled to a credit in that amount against any award in Plaintiffs' favor in this matter.

Among the claims being asserted by Plaintiffs herein are claims for past lost wages and the future loss of earnings capacity.  The parties have been working diligently to obtain all necessary documentation of those alleged losses to allow for a comprehensive evaluation of Plaintiffs' claims herein.  The parties have experienced a delay in response to a subpoena issued by GEICO for necessary employment records from the Veterans Administration. Mrs. Burch fully cooperated and executed all Authorizations for the VA, etc. months ago.

2. **Informal Disclosures:**

GEICO served Plaintiffs with its Rule 26(a) Initial Disclosures on or about September 25, 2019.  Those Disclosures included all discoverable documents in GEICO's possession.

Plaintiffs produced their Rule 26(a) Initial Disclosures on or about January 21, 2020.  To date, Plaintiffs have not needed to supplement any documents beyond their Initial Disclosures, as extensive documentation was sent directly to the assigned claim adjuster, Ms. Ramirez in JULY, 2019.

3. **Formal Discovery**

The parties' counsel continue to work diligently and cooperatively. Defendant has previously issued a number of subpoenas for Plaintiff's medical and employment records.  In

fact, responses to the vast majority of those subpoenas have already been received and have been shared with Plaintiffs' counsel. It appears that a Records Deposition of a designee of the Veterans Administration will be required to obtain Plaintiff's employment records from that agency. That deposition will be scheduled in the next thirty (30) days. Mrs. Burch and her counsel remain willing to assist in the prompt production of her various files.

Further, a significant amount of discovery was conducted in the underlying matter out of which this claim for Underinsured Motorist benefits arises. As a result, the parties are in accord that relatively limited discovery is necessary herein. Plaintiffs served GEICO with a Request for Production of Documents on January 21, 2020. To the extent additional written discovery is necessary, GEICO intends to serve same on Plaintiffs in the immediate future. As Plaintiff was recently deposed in the underlying matter, GEICO does not intend to conduct another deposition of Plaintiff in this matter at this time. .Mrs. Burch and her counsel are available for any supplemental examination. However, the deposition of a designee of Plaintiff's other employer, Visiting Nurses, is likely necessary. GEICO will endeavor to schedule that deposition in the next thirty (30) days as well. Again, Plaintiffs and their counsel will cooperate fully.

Therefore, the parties believe that a **Discovery Deadline of May 22, 2020 [COD],** will provide sufficient time to complete the required discovery herein.

### 4. Electronic Discovery

The parties do not believe that there are any issues specifically related to electronic discovery which must be addressed at this time. The parties have agreed to these formats:

1. **Documents in PDF format**
2. **Photographs in JPG format**
3. **Diagnostic testing and images in native format of each provider/facility**

5. **Expert Witness Disclosures**

The parties propose a deadline of June 19, 2020, for the exchange of all expert reports in this matter. At this time, it does not appear that the depositions of any such experts will be required. However, in the event expert depositions become necessary, the parties propose to complete any such depositions by **July 3, 2020**.

6. **Early Settlement or Resolution**

The parties welcome Her Honor, Magistrate Judge Sitarski's early participation in settlement discussions.

The parties suggest:

- depositions occur promptly, prior to a settlement conference
- subpoenas for any records and/or Resp. to Req. Prod. be served promptly, prior to a settlement conference
- any defense medical examination occur promptly, prior to a settlement conference

7. **Trial Date**

Consistent with the Court's schedule and the foregoing deadlines, the parties respectfully suggest that a **trial date of September 14, 2020**, would be appropriate.

8. **Other pretrial matters**

At this time, the parties do not believe that there are any additional matters that require the Court's attention.
**No extraordinary or special discovery management by the Court is anticipated.**

**PLAINTIFFS' DEMAND has been provided by Attorney Fulmer.**

**INSURER'S OFFER is awaited from GEICO and its counsel.**

**Pa.R.C.P. 238 applies to this diversity personal injury case.**

*Respectfully submitted,*

| | |
|---|---|
| **JAY LAWRENCE FULMER, ESQUIRE** | **McCORMICK & PRIORE, P.C.** |
| | |
| */s/Jay Lawrence Fulmer, Esquire* | */s/Peter R. Kulp, Esquire* |
| **JAY LAWRENCE FULMER, ESQUIRE** | **SCOTT J. TREDWELL, ESQ.** |
| **Attorney I.D. No.: 24588** | **PETER R. KULP, ESQ.** |
| 1628 JFK Boulevard, Suite 1000 | **Attorney I.D. Nos.: 57364 / 203689** |
| 8 Penn Center | 1600 JFK Boulevard, Suite 800 |
| Philadelphia, PA  19103 | Philadelphia, PA  19103 |
| (215) 568-7200 | (215) 972-0161 |
| jay.fulmer@gmail.com | stredwell@mccormickpriore.com |
| | gshikunov@mccormickpriore.com |
| Counsel for Plaintiffs | PKulp@mccormickpriore.com |
| | Counsel for Defendant |

*By agreement:*
*FILED through ECF.*